UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL DEARAGON,<br><br>    Plaintiff,<br><br>    v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>    Defendant. | NO. EDCV 10-100 AGR<br><br>**MEMORANDUM OPINION AND ORDER** |

Daniel DeAragon ("DeAragon") filed this action on February 2, 2010. Pursuant to 28 U.S.C. § 636(c), the parties consented to proceed before Magistrate Judge Rosenberg on March 3 and 4, 2010. (Dkt. Nos. 7, 9.) On October 21, 2010, the parties filed a Joint Stipulation ("JS") that addressed the disputed issues. The Court has taken the matter under submission without oral argument.

Having reviewed the entire file, the Court remands this matter to the Commissioner for proceedings consistent with this Opinion.

///

///

///

# I.

## PROCEDURAL BACKGROUND

On November 22, 2006, DeAragon filed applications for disability insurance benefits and supplemental security income benefits. Administrative Record ("AR") 9. In both applications, DeAragon alleged a disability onset date of April 21, 1984. *Id.* The applications were denied initially and upon reconsideration. AR 9, 154-58, 160-64. DeAragon requested a hearing before an Administrative Law Judge ("ALJ"). AR 165. Four hearings were conducted in this matter. On October 16, 2008, DeAragon appeared at the hearing without a representative. AR 27-43. The ALJ continued the hearing to give DeAragon the opportunity to update his medical records and retain a representative. AR 36-42. DeAragon retained a representative who was present for the three remaining hearings. On November 10, 2008, the ALJ conducted a hearing at which a medical expert, DeAragon, and his mother testified. AR 44-87. The ALJ continued the hearing to allow DeAragon's representative additional time to question DeAragon's mother and to order a neurological consultative evaluation. AR 86. DeAragon received a comprehensive neurological evaluation on December 23, 2008. AR 659-67. On February 24, 2009, the ALJ conducted a second supplemental hearing at which a medical expert, DeAragon, and DeAragon's mother testified. AR 88-120. The ALJ granted DeAragon's request for another continuance in order to obtain testimony from DeAragon's cousin. AR 118. On March 18, 2009, the ALJ conducted a third supplemental hearing at which DeAragon, DeAragon's cousin, and a vocational expert ("VE") testified. AR 121-48.

On August 24, 2009, the ALJ issued a decision denying benefits. AR 6-19. On December 17, 2009, the Appeals Council denied the request for review. AR 1-3. This action followed.

///

///

## II.

## **STANDARD OF REVIEW**

Pursuant to 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to deny benefits. The decision will be disturbed only if it is not supported by substantial evidence, or if it is based upon the application of improper legal standards. *Moncada v. Chater*, 60 F.3d 521, 523 (9th Cir. 1995); *Drouin v. Sullivan*, 966 F.2d 1255, 1257 (9th Cir. 1992).

"Substantial evidence" means "more than a mere scintilla but less than a preponderance – it is such relevant evidence that a reasonable mind might accept as adequate to support the conclusion." *Moncada*, 60 F.3d at 523. In determining whether substantial evidence exists to support the Commissioner's decision, the Court examines the administrative record as a whole, considering adverse as well as supporting evidence. *Drouin*, 966 F.2d at 1257. When the evidence is susceptible to more than one rational interpretation, the Court must defer to the Commissioner's decision. *Moncada*, 60 F.3d at 523.

## III.

## **DISCUSSION**

### A. **Disability**

A person qualifies as disabled, and thereby eligible for such benefits, "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Barnhart v. Thomas*, 540 U.S. 20, 21-22, 124 S. Ct. 376, 157 L. Ed. 2d 333 (2003).

### B. **The ALJ's Findings**

The ALJ found that DeAragon meets the insured status requirements through March 31, 2007. AR 11.

///

DeAragon has the severe impairments of seizure disorder, affective disorder, personality disorder, and substance abuse disorder. *Id.* DeAragon has the residual functional capacity ("RFC") to perform medium work, except "he cannot climb ladders, scaffolds or ropes," "should avoid working around dangerous and fast moving equipment, at unprotected heights or around pools of water," "should not work with the public," and should have "only occasional non-intense interaction with supervisors and coworkers." AR 12.

The ALJ found DeAragon was unable to perform his past relevant work as a stage hand, box boy, and trainee waiter. AR 18. There are, however, jobs that exist in significant numbers in the national economy that DeAragon can perform, such as hospital cleaner, hand packager, and industrial cleaner. AR 18-19.

### C.  Examining Physician's Opinion

DeAragon alleges the ALJ did not properly consider the opinion of the consultative examiner, Dr. Pierce. Specifically, DeAragon contends "the ALJ's failure to adopt Dr. Pierce's opinion that [DeAragon] has the cognitive ability to perform one and two part instructions, without providing specific and legitimate reasons, was error." JS-7

An examining physician's opinion constitutes substantial evidence when it is based on independent clinical findings. *Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir. 2007). When an examining physician's opinion is contradicted, "it may be rejected for 'specific and legitimate reasons that are supported by substantial evidence in the record.'" *Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1164 (9th Cir. 2008) (citation omitted).

Dr. Pierce stated, in pertinent part: "By today's performance, he retains the cognitive capacity to complete simple and repetitive to potentially higher-

///
///
///

demand vocational skills."[1]  AR 462.  "He can remember and comply with simple one and two part instructions."  *Id.*

The ALJ considered and summarized these portions of Dr. Pierce's opinion.  AR 18.  The RFC, however, does not contain these limitations.  AR 12.  The ALJ relied upon Dr. Pierce's conclusion that DeAragon's limitations would not preclude the performance of substantial gainful activity in discounting the treating physician's opinion.  AR 16.

The Commissioner argues any error is harmless because the ALJ's finding that DeAragon could perform the representative occupations of hospital cleaner, hand packager and industrial cleaner at step five of the sequential analysis is consistent with Dr. Pierce's opinion.  According to the Dictionary of Occupational Titles (DOT), all three jobs require reasoning level 2.  DOT, hospital cleaner, 323.687-010; hand packager, 920.587-018; industrial cleaner, 381.687-018.  Reasoning level two requires the worker to "[a]pply commonsense understanding to carry out detailed but uninvolved written or oral instructions [and] [d]eal with problems involving a few concrete variables in or from standardized situations."  *Id.*  Reasoning level two is compatible with an RFC restricted to simple, repetitive tasks.  *See, e.g., Meissl v. Barnhart*, 403 F. Supp. 2d 981, 984 (C.D. Cal. 2005) (concluding that level two reasoning is compatible with RFC limited to performing simple, repetitive tasks); *Hackett v. Burnett*, 395 F.3d 1168, 1176 (10th Cir. 2005) (level two reasoning appears consistent with a RFC limited to "simple and routine work tasks"); *Flaherty v. Halter*, 182 F. Supp. 2d 824, 850-51 (D. Minn. 2001) (level two reasoning did not conflict with limitation to work involving simple, routine, repetitive, concrete and tangible tasks).

However, DeAragon argues that Dr. Pierce's statement that he "can remember and comply with simple one and two part instructions" (AR 462) would

---

[1] As the Commissioner notes, Dr. Pierce found DeAragon failed a malingering-sensitive memory test.  AR 459-60.

5

limit him to reasoning level one. Level one reasoning requires the worker to "[a]pply commonsense understanding to carry out simple one- or two-step instructions [and] [d]eal with standardized situations with occasional or no variables in or from these situations encountered on the job." JS-19. *See Grigsby v. Astrue*, 2010 U.S. Dist. LEXIS 5465, *6 (C.D. Cal. 2010) ("The restriction to jobs involving no more than two-step instructions is what distinguishes Level 1 reasoning from Level 2 reasoning. There is no legal or factual basis for . . . elliding the difference between the DOT's definitions of Level 1 reasoning and Level 2 reasoning.").

Although the Commissioner argues (perhaps correctly) that there are Level 1 jobs that DeAragon may perform, the record does not contain sufficient information for this court to ascertain the answer to that question. Accordingly, this matter must be remanded at step five of the sequential analysis for the ALJ to clarify whether DeAragon is limited to reasoning level one and, if so, whether there are jobs that exist in significant numbers in the national economy that DeAragon can perform.

### D. Remaining Claims

All of DeAragon's remaining claims relate to the ALJ's failure to properly consider Dr. Pierce's opinion limiting DeAragon to one and two part instructions. JS 3-5, 7-8, 14-16, 17-20. Specifically, DeAragon claims that the ALJ failed to properly assess his RFC because he omitted the one and two step instruction limitation from the RFC; the ALJ posed an incomplete hypothetical question to the VE because he did not mention that DeAragon is limited to remembering and complying with simple one and two part instructions; and the ALJ erred in finding him capable of performing the jobs of hospital cleaner, hand packager, and industrial cleaner because those jobs require a reasoning scale of Level 2, which is higher than his Level 1 reasoning. JS 3-5, 7-8, 14-16, 17-20.

///

This court need not address the remaining claims because this matter is remanded for further proceedings at step five of the sequential analysis.

### IV.

### **ORDER**

IT IS HEREBY ORDERED that this matter is remanded for further proceedings at step five of the sequential analysis consistent with this opinion.

IT IS FURTHER ORDERED that the Clerk of the Court serve copies of this Order and the Judgment herein on all parties or their counsel.

DATED: August 4, 2011

ALICIA G. ROSENBERG
United States Magistrate Judge